UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

ARNOLD SYLVESTER LINDSEY, JR.,[1]

    Petitioner,

v.

J. RAY ORMOND, Warden,

    Respondent.

Civil Action No. 6:18-264-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Arnold Sylvester Lindsey is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Lindsey filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Lindsey's petition.

In 2006, Lindsey pled guilty to numerous federal crimes, including being a felon in possession of a firearm and ammunition, delivering or transferring a firearm and ammunition to a juvenile, possessing a firearm with an obliterated serial number, and possessing and discharging a firearm in a school zone. *See United States v. Arnold Sylvester Lindsay, Jr.*, No. 3:06-cr-021 (N.D. Fla. 2006). The trial court then determined

---

[1] In the petitioner's underlying criminal case, his last name is spelled with an "a" instead of an "e." *See United States v. Arnold Sylvester Lindsay, Jr.*, No. 3:06-cr-021 (N.D. Fla. 2006). However, in this case, the petitioner refers to himself as "Arnold Sylvester Lindsey, Jr." [R. 1] and, as a result, the Clerk's Office docketed his case under that name. This Court will likewise refer to the petitioner's last name as "Lindsey."

that Lindsey's applicable advisory sentencing guidelines range was 168 to 210 months in prison. *See id.* at R. 48 at 66. That said, the trial court imposed an upward variance based on the factors in 18 U.S.C. § 3553(a) and sentenced Lindsey to 420 months in prison. *See id.* at R. 48 at 66-71. Lindsey filed a direct appeal, but the United States Court of Appeals for the Eleventh Circuit affirmed the district court's judgment. *See id.* at R. 56. Lindsey then unsuccessfully sought relief under 28 U.S.C. § 2255. *See id.* at Rs. 69, 71.

Lindsey has now filed a § 2241 petition with this Court. [R. 1]. Among other things, Lindsey argues that the trial court erroneously determined that he was subject to an enhanced sentence under the United States Sentencing Guidelines because of his prior criminal convictions. [R. 1-1]. Ultimately, Lindsey claims that the trial court violated his due process rights and, as a result, he asks that he be "resentenced absent the excessive detention." [R. 1 at 8].

Lindsey's petition, however, constitutes an impermissible collateral attack on his sentence. While a federal prisoner may challenge the legality of his sentence on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Lindsey cannot use a § 2241 petition as a way of challenging his sentence.

2

It is true that, in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the United States Court of Appeals for the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. However, in doing so, the court expressly limited its decision to the following, narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id*. at 599-600.

Those circumstances do not apply in this case. As an initial matter, it is not even clear that the trial court actually enhanced Lindsey's sentence in the manner he suggests (i.e., under the career-offender provision). Plus, more importantly, the trial court sentenced Lindsey in 2006, well after the Supreme Court's decision in *Booker* made the sentencing guidelines advisory rather than mandatory. On this basis alone, Lindsey's claim does not fall within *Hill*'s limited exception for bringing a § 2241 petition to challenge his federal sentence. *See Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence"). And to the extent that Lindsey puts forth other claims in his petition, he cites no legal authority

3

that would allow him to assert those claims via § 2241. In short, Lindsey's petition is unavailing.

Accordingly, it is **ORDERED** as follows:

1. Lindsey's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

Dated February 19, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY